IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLIFTON PETTUS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:17-CV-260-WKW |
| | ) [WO] |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

On March 9, 2020, the Magistrate Judge filed a Recommendation (Doc. # 13) that Petitioner Clifton Pettus's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. # 1) be denied. Petitioner timely objected to the Recommendation. (Doc. # 14.) Upon an independent and *de novo* review of the portions of the Recommendation to which Petitioner has objected, *see* 28 U.S.C. § 636(b)(1), Petitioner's objections are due to be overruled, and the Magistrate Judge's Recommendation is due to be adopted. All parts of the Recommendation that were not objected to are due to be adopted without further discussion. (*See* Doc. # 13, at 10–12.)

Petitioner's objections repeat several of the claims presented in his motion. He objects to the Recommendation's findings regarding his claims that his counsel rendered ineffective assistance by failing to (1) subject the Government's witnesses

to vigorous cross-examination, (2) object to leading questions by the prosecution, and (3) present any primary line of defense (which appears to refer to Petitioner's original claim that Counsel failed to raise an "important and obvious defense" (*see* Doc. # 2, at 5)).  (Doc. # 14, at 2–3.)  Petitioner argues that the Supreme Court's holding in *United States v. Cronic*, 466 U.S. 648 (1984), exempts him from having to show that he was prejudiced by counsel's alleged failures.  It does not.  *Cronic* and the cases cited therein involved situations where extrinsic circumstances prevented counselors from asking questions that they wished to ask or where counselors allegedly lacked adequate time to prepare for trial.  *See Cronic*, 466 U.S. at 659 (first citing *Davis v. Alaska*, 415 U.S. 308 (1974); then citing *Powell v. Alabama*, 287 U.S. 45 (1932)).  This case does not involve such extraordinary circumstances.  For the reasons stated in the Recommendation (Doc. # 13, at 5–8), these objections are due to be overruled.

Petitioner also objects (Doc. # 14, at 4–5) to the Recommendation's finding that "Pettus proves neither deficient performance by Goggans for failing to request a drug-quantity entrapment instruction nor any prejudice resulting from Goggans's performance," (Doc. #13, at 10).  Plaintiff's objection is still vague and conclusory, and it is due to be overruled for the reasons stated in the Recommendation.  (Doc. # 13, at 9–10.)

Petitioner also attempts to recast his substantive claims that the district court erred by 1) reseating Juror 29 after the Government's reverse *Batson* challenge, 2) attributing 15 kilograms of cocaine to him for the purpose of calculating his base offense level at sentencing, and 3) admitting cell phone evidence, as ineffective assistance of counsel claims. (Doc. # 14, at 3–6.) Petitioner claims that the Recommendation elevates form over substance by not considering these claims as ineffective assistance claims. (Doc. # 14, at 6.)

However, the substance of Petitioner's four pre-Recommendation filings indicates that Petitioner knew how to allege ineffective assistance claims and knew how to allege substantive claims, and it would be ignoring the substance of Petitioner's motion to allow him to rewrite it now. (*See* Docs. # 1, 2, 7, 12.) When Petitioner responded to his trial counsel's affidavit, he did not assert that the counselor overlooked any ineffective assistance claims. (*See* Doc. # 7.) Likewise, Petitioner replied to the Government's response by "assert[ing] that in the Government's response, the [G]overnment addresses the four issues that the Petitioner raised in his §[ ]2255 motion." (Doc. # 12, at 1.) Admittedly, Petitioner's reply to the Government's response does allude to a failure of counsel to "move to have [J]uror 29 struck from jury selection" "after the peremptory challenge of [J]uror 29" before transitioning into what appears to be a direct claim of district court error. (Doc. # 12, at 5–6.) But "[a]rguments raised for the first time in a reply brief are not

3

properly before a reviewing court." *United States v. Evans*, 473 F.3d 1115, 1120 (11th Cir. 2006) (quoting *Herring v. Sec'y, Dep't of Corrs.*, 397 F.3d 1338, 1342 (11th Cir. 2005)); *see also Oliveiri v. United States*, 717 F. App'x 966, 967 (11th Cir. 2018) ("Oliveiri did not present this claim in his § 2255 motion, but rather raised it for the first time in his reply to the government's response.  By doing so, he waived the claim.").

"[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).  Petitioner's new claims are particularly inapt for consideration at this stage because neither Petitioner's former counsel nor the Government has had an opportunity to respond with legal arguments or to augment the factual record.

Even if the court were to consider Petitioner's arguments, these new ineffective assistance claims suffer from many of the same flaws as Petitioner's properly raised ineffective assistance claims.  First, Petitioner fails to show how his trial counsel was ineffective for failing to provide a race-neutral reason for striking Juror 29 that would have withstood the Government's reverse *Batson* challenge.  Second, despite Petitioner's complaint about his counsel's alleged "lack of effort," his trial and appellate counsel did argue against the amount of cocaine attributed to him.  *See United States v. Reese*, 611 F. App'x 961, 964 (11th Cir. 2015) (Doc. # 8-

7); (Doc. # 8-3, at 4–6, 20–24). Petitioner's conclusory statements do not explain how counsel's performance was deficient because Petitioner does not explain how counsel could or should have "rebut[ted] the determination that he (Pettus) was held attributable for 15 KG of cocaine as part of the conspiracy." (*See* Doc. # 14, at 4–5.) Petitioner's third new claim relies on allegations that the wiretaps "were not supported by probable cause" and that the wiretaps "provided one indicia of connection for Pettus to the conspiracy." (Doc. # 14, at 6.) But Petitioner does not elaborate on how counsel could have argued for their suppression, nor does he show that the admission of this additional "indicia of connection" was sufficient to undermine confidence in the outcome of his trial. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984); (Doc. # 13, at 14 n.9 (noting that one of Petitioner's codefendants unsuccessfully "raise[d] a claim on direct appeal challenging admission of the cell phone evidence obtained by wiretaps").) All of these objections are due to be overruled.

Accordingly, it is ORDERED as follows:

1. The Magistrate Judge's Recommendation (Doc. # 13) is ADOPTED;

2. Petitioner's objections (Doc. # 14) are OVERRULED;

3. Petitioner's motion under 28 U.S.C. § 2255 (Doc. # 1) is DENIED, and the dismissal is with prejudice.

A final judgment will be entered separately.

A certificate of appealability will not be issued. For a petitioner to obtain a certificate of appealability, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). And, where a petition is denied on procedural grounds, he "must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the correctness of the procedural ground on which the petition was denied." *Gordon v. Sec'y, Dep't of Corrs.*, 479 F.3d 1299, 1300 (11th Cir. 2007) (citations omitted). "A 'substantial question' about the procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason." *Id.*

Because reasonable jurists would not find the denial of Petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

DONE this 20th day of April, 2020.

                                          /s/ W. Keith Watkins
                                 UNITED STATES DISTRICT JUDGE